UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JAIR HERNANDEZ SERRANO,<br><br>Petitioner,<br><br>v.<br><br>SERGIO ALBARRAN, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; TODD LYONS, Acting Director of United States Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security, TODD BLANCHE, Acting Attorney General of the United States, acting in their official capacities,<br><br>Respondents. | Case No. 26-cv-03452<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR A TRO**<br><br>Re: ECF No. 3 |

The motion for an emergency TRO is GRANTED. Because the issues presented by the motion are time sensitive, this Order assumes that the reader is familiar with the facts, the applicable laws, regulations, and legal standards, and the substance of the complaint and motion.

Petitioner Kevin Jair Hernandez Serrano is 19 years old. He is from Colombia. He seeks asylum in the United States. In 2023, he entered the United States at the border and was released on an Order of Recognizance. He has been living in the United States while waiting for his immigration court date. Petitioner has never been ordered removed, and his asylum application is still pending.

Today, April 23, 2026, Petitioner reported to his scheduled check-in with ICE, where he was detained without notice. As of the time of filing the motion for a TRO, Petitioner was in civil

United States District Court
Northern District of California

immigration detention at 630 Sansome Street in San Francisco.

The Petitioner has shown a strong likelihood that he is entitled to a pre-deprivation hearing before an immigration judge. Petitioner has a strong liberty interest in remaining free from detention. It also appears that Petitioner has been fully compliant with all his ICE-related obligations, has dutifully appeared at all immigration check-ins, and has no criminal convictions since being released.

The burden to the Government of holding a bond hearing would be minimal, and the risk of erroneous deprivation is significant. The Government's previous decision to release Mr. Serrrano on his own recognizance reflects a determination that he does not pose a flight risk or danger to the community. Due process requires a showing of a change in those circumstances before a noncitizen can be re-detained. *See Pinchi v. Noem*, No. 25-cv-05632-PCP, 2025 WL 2084921, at \*2-6 (N.D. Cal. July 24, 2025) (applying the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976) to similar circumstances).

The Petitioner has also made a sufficient showing as to the other factors that the Court must consider before granting a TRO. Unconstitutional deprivation of physical liberty constitutes irreparable harm. *See Hernandez v. Sessions*, 872 F.3d 976, 994-95 (9th Cir. 2017). As for the balance of equities and the public interest factors of the TRO inquiry, these factors merge when the government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). This inquiry favors the Petitioner because the potential harm to the Petitioner from detention is significant, and the Government at most faces a short delay in detaining Petitioner if it ultimately demonstrates that detention of each is necessary to prevent flight or danger to the community. *See Bautista Pico v. Albarran*, No. 4:25-cv-08002-JST, ECF No. 5 at \*6 (Sept. 19, 2025).

Accordingly, the Court ORDERS the Government to release Petitioner from custody as soon as practicable and no later than **11:00 p.m. PT today, April 23, 2026**. Further, if the Government has removed or is in the process of removing Petitioner from the Northern District of California, the Government must promptly facilitate the return of Petitioner to the Northern District of California.

The Government shall file a status report by 11:00 a.m. on Friday, April 24, 2026,

United States District Court
Northern District of California

affirming that Petitioner has been released.

Additionally, the Government is enjoined and restrained from re-detaining Petitioner until the Court has held a hearing with the parties or the Government has provided Petitioner a pre-deprivation hearing before a neutral decisionmaker.  The Government is also enjoined and restrained from removing Petitioner from the United States.

The Court orders Petitioner to file a copy of this Order and the Motion on the Government. The Government is ordered to file a substantive response by 5 p.m. on April 27, 2026.  Any reply is due by 5 p.m. on April 28, 2026.  If required, a Zoom hearing will be scheduled before the assigned judge, on Thursday, April 30, 2026.

**IT IS SO ORDERED.**

Dated: April 23, 2026 at 7:49 p.m.

Noël Wise
United States District Judge

United States District Court
Northern District of California

3