UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN JAIR HERNANDEZ SERRANO, | Case No. 26-cv-03452-EKL |
| Plaintiff, | |
| v. | **ORDER GRANTING PRELIMINARY INJUNCTION** |
| SERGIO ALBARRAN, et al., | |
| Defendants. | |

Petitioner Kevin Jair Hernandez Serrano ("Petitioner") is an asylum applicant who was detained after appearing for his regularly scheduled Immigration and Customs Enforcement appointment.  Following his arrest, he filed a petition for a writ of habeas corpus and temporary restraining order against Respondents Sergio Albarran, Field Office Director of the San Francisco Immigration and Customs Enforcement Office; Todd Lyons, Acting Director of United States Immigration and Customs Enforcement; Markwayne Mullin, Secretary of the United States Department of Homeland Security; and Todd Blanche, Acting Attorney General of the United States, all named in their official capacities (collectively, "Respondents").  Before the Court is Petitioner's motion for preliminary injunction.  Having carefully reviewed the parties' briefs and the arguments therein, the Court GRANTS Petitioner's motion.[1]

## I.    BACKGROUND

Petitioner is an asylum seeker from Colombia who entered the United States on or around March 1, 2023.  Joint Case Management Statement ¶ 2, ECF No. 11.  Shortly after Petitioner entered the United States without inspection, admission, or parole, the U.S. Customs and Border

---

[1] This Order assumes the reader's familiarity with the facts, applicable legal standards, and the arguments made by the parties.

Protection served Petitioner with a Notice to Appear and released Petitioner into the United States on his own recognizance. *Id.*; Decl. of Eli Harrison Saeli ¶ 6, ECF No. 10-1; *see also* 8 C.F.R. § 236.1(c)(8) (providing that an officer may release a noncitizen "provided that the alien must demonstrate . . . that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"). Petitioner applied for asylum in April of 2024, and his application is currently pending. ECF No. 11 ¶ 2.

On or about November 22, 2025, Petitioner was arrested during an alleged domestic violence incident. *Id.*; *see also* Resp'ts Mot. for Leave, ECF No. 15 (requesting leave to submit the misdemeanor report of the alleged domestic violence incident).[2] Neither of the parties is aware of any criminal charges following the arrest, *see* ECF No. 11 ¶ 2, and at the May 7, 2026 hearing, counsel confirmed they do not anticipate charges will be brought against Petitioner, *see* Tr. of Oral Arg. at 22:3-5, ECF No. 22.

On April 23, 2026, Petitioner arrived at the Immigration and Customs Enforcement facility at 630 Sansome Street in San Francisco, California, for his scheduled check-in. ECF No. 11 ¶ 2. Immigration and Customs Enforcement re-detained him without prior notice. *Id.* That same day, Petitioner filed an application for a temporary restraining order for release from detention, *see* ECF Nos. 3, 4, which the Court granted, *see* ECF No. 5 (Wise, J.). He was returned to San Francisco and released the following day, April 24, 2026. ECF No. 11 ¶ 2. The parties have fully briefed the motion, ECF Nos. 4, 10, 12, 15, 16, and the Court heard argument on May 7, 2026.[3]

---

[2] In their motion for leave to submit additional evidence, Respondents ask the Court to consider evidence of Petitioner's police report from his November 2025 arrest. Resp'ts Mot. for Leave. Respondents' motion is GRANTED. *See Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1189-90 (9th Cir. 2024) ("'[G]iven the haste that is often necessary'" at the preliminary injunction stage, "the Federal Rules of Evidence do not strictly apply." (quoting *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981))); *see also WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 845 (N.D. Cal. 2019) (finding evidentiary issues typically "go to weight rather than admissibility." (citation modified)); *Johnson v. Couturier*, 572 F.3d 1067, 1083 (9th Cir. 2009) (holding the Court may "consider hearsay in deciding whether to issue a preliminary injunction" (citing *Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1363 (9th Cir. 1988) (en banc))).

[3] Subsequent to the May 7, 2026 hearing, a pre-deprivation bond hearing was held at the Immigration Court in Concord, California. *See* ECF No. 23 at 7. The immigration judge denied the government's motion to re-detain Petitioner pending removal proceedings, *id.* at 12, based upon the finding that Petitioner is neither a danger to society nor a flight risk, *id.* at 11-12.

2

## II.    DISCUSSION

The analysis at the TRO and preliminary injunction stages are "substantially identical[.]" *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). In order for the Court to grant a preliminary injunction, the Petitioner must establish that: (1) he is likely to succeed on the merits, (2) he faces a likelihood of irreparable harm in the absence of a preliminary injunction, (3) the balance of equities weigh in his favor, and (4) the injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In cases where the government is the opposing party, the latter two items "merge[.]" *Nken v. Holder*, 556 U.S. 418, 435 (2009).

### A.    Likelihood of Success on the Merits

Respondents initially argue that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). As acknowledged by Respondents, Resp'ts Br. at 2, ECF No. 10, the Court recently considered and rejected this argument in *Aldana Serrano v. Albarran*, No. 25-cv-8408-EKL, 2025 WL 4110874, at *5-6 (N.D. Cal. Nov. 28, 2025). The Court declines to depart from its prior reasoning and holding regarding the applicability of 8 U.S.C. § 1226(a), rather than 8 U.S.C. § 1225(b)(2)(A),[4] when, as here, a noncitizen is released on their own recognizance after their initial apprehension upon entry into the country. *See Aldana Serrano*, 2025 WL 4110874, at *10-11 (applying the three-part test in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), and determining that petitioners' release under § 1226(a) created a significant private interest in their continued liberty and that the Due Process Clause required a pre-deprivation hearing).[5]

---

[4] There is currently a circuit split regarding this issue. *Compare Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502-08 (5th Cir. 2026) (holding that 8 U.S.C. § 1225(b)(2)(A) governs the detention of noncitizens found to be "seeking admission" and thus are subject to mandatory detention), *and Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026) (same), *with Barbosa Da Cunha v. Freden*, 175 F.4th 61, 70 (2d Cir. 2026) (holding that 8 U.S.C. § 1226(a) applies and requires a pre-deprivation bond hearing), *Lopez-Campos v. Raycraft*, 175 F.4th 713, 733-34 (6th Cir. 2026) (same), *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828, 856 (7th Cir. 2026) (same), *and Hernandez Alvarez v. Warden, Fed. Det. Ctr.*, 175 F.4th 1258, 1276 (11th Cir. 2026) (same). Pending before the Ninth Circuit is *Rodriguez Vasquez v. Hermosillo*, No. 25-6842 (9th Cir.), which presents the same question.

[5] Under *Mathews*, a court must balance three factors: (1) the private interest affected by the

3

Respondents next contend that if a hearing is required, it should be a post-deprivation hearing, and that Petitioner's arrest constitutes a change in circumstances justifying detention prior to a hearing before an immigration judge. Resp'ts Br. at 4-5; *see also* Resp'ts Mot. for Leave (citing Petitioner's arrest record and 8 C.F.R. § 236.1(c)(9)). "The Supreme Court has consistently held that 'the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property.'" *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035-36 (N.D. Cal. 2025) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)) (emphasis in original). For that reason, "a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty." *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025). There may, at times, be a situation "that urgently require[s] arrest," "where a pre-detention hearing is impracticable" and a prompt post-deprivation hearing is required. *Guillermo M. R.*, 791 F. Supp. 3d at 1036 (citing *Zinermon*, 494 U.S. at 128 (noting that this is a "special case")).

There is no evidence of such urgent concerns in this case. Petitioner was released on his own recognizance in March 2023. Although Petitioner was arrested by local law enforcement in November 2025, Respondents waited nearly six months before detaining him. No criminal charges have been filed against Petitioner related to the November 2025 incident, nor is there any evidence that he is a flight risk. Respondents offer no explanation as to why a pre-deprivation hearing is impracticable. Because there is no urgency, Petitioner's arrest does not necessitate immediate detention such that an immigration judge cannot first determine if there has been a material change in circumstance. *See, e.g., Han v. Albarran* at 3, No. 26-cv-3856-TLT (N.D. Cal. May 2, 2026), ECF No. 7 ("[A]rrests alone do not constitute changed circumstances."); *Larios v. Albarran*, No. 25-cv-8799-AMO, 2025 WL 3043391, at *8 (N.D. Cal. Oct. 31, 2025) (finding domestic violence arrest alone insufficient to constitute material change in circumstance); *accord Singh v. Bondi*, No. C26-0598-SKV, 2026 WL 747104, at *3 (W.D. Wash. Mar. 17, 2026) ("An arrest, standing alone, is not evidence of criminal activity in breach of Petitioner's release

---

official action; (2) the risk of an erroneous deprivation of such interest; and (3) the government's interest that the additional procedural requirements would entail. *Mathews*, 424 U.S. at 335.

United States District Court
Northern District of California

conditions."). Consequently, a pre-deprivation hearing is required to satisfy due process.

### B.    Remaining *Winter* Factors

Petitioner has met the other *Winter* factors, demonstrating irreparable harm in the absence of a preliminary injunction and that the balance of hardships tips sharply in his favor.[6] "When an alleged deprivation of a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary." *Warsoldier v. Woodford*, 418 F.3d 989, 1001-02 (9th Cir. 2005) (citing 11A *Wright & Miller's Federal Practice & Procedure* § 2948.1 (2d ed. 2004)). Without this preliminary injunction, the irreparable harm risked is the unconstitutional deprivation of Petitioner's liberty. For that reason, "it is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012) (citation omitted). "The public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering." *Jorge M. F. v. Wilkinson*, No. 21-cv-01434-JST, 2021 WL 783561, at *3 (N.D. Cal. Mar. 1, 2021) (citation modified). The same is true here.

Because Petitioner satisfies all the *Winter* factors and such relief is necessary to maintain the status quo,[7] Petitioner's motion for a preliminary injunction is granted.

//

//

---

[6] Respondents do not address the other *Winter* factors in their briefing.

[7] Finally, there is "no realistic likelihood of harm to the [Respondents] from enjoining [their] conduct," which Respondents do not contest. *Jorgensen v. Cassiday*, 320 F.3d 906, 919-20 (9th Cir. 2003). Consequently, no security is required under Federal Rule of Civil Procedure 65(c). *See Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999).

**United States District Court**
**Northern District of California**

**III.    ORDER**

For the foregoing reasons, it is hereby **ORDERED** that:

1. Petitioner's request for a preliminary injunction is **GRANTED**, as modified.

2. Respondents are **ENJOINED AND RESTRAINED** from re-detaining Petitioner in any form without notice and a pre-deprivation hearing before a neutral decisionmaker where the Government bears the burden of proving by clear and convincing evidence that changed circumstances render him a danger to the community or a flight risk, and that no conditions other than his detention would be sufficient to prevent such harms.

3. This Preliminary Injunction shall remain in force throughout the pendency of this action unless earlier modified by the Court or upon the issuance of a final order of removal.

**IT IS SO ORDERED.**

Dated: June 4, 2026

_____
Eumi K. Lee
United States District Judge

6